## SMITH *vs.* MERRIAM AND PINKERTON.

Under the mechanics' lien law of 1864 applicable to Onondaga county, proof of payments made by the owner to a contractor defeats or avoids the lien created by the first part of section 1.

To defeat the effect of the statute, the owner is allowed to show that payment has been made, "without notice" of the lien, of all that he became liable to pay. Hence the *onus* of showing payments which will extinguish the lien is upon the owner.

The owner is entitled to be credited with the amount of promissory notes made by the contractor, and indorsed by the owner, which became due and were taken up as payments upon the building contract, before the notice of lien was filed.

It is not absolutely necessary that such notes should have been charged up in the account. It is enough if the contractor has received the money upon the notes, or credit for them, and the owner of the building has become indisputably liable to pay them, by virtue of his agreement and indorsement thereof.

Such a transaction is an agreement by the owner to pay his debt in a particular manner, and is binding upon him.

From the time such agreement is made to pay the notes, as well as from the time of their actual payment by the owner, he is entitled to have them treated as payments upon the building contract existing between him and the contractor.

THE plaintiff furnished materials to one Pinkerton to be used, and which were used, in the construction of a dwelling house for Merriam. The dwelling was constructed in part, in pursuance of an agreement to pay $2,450. The notice of lien on which the plaintiff instituted proceedings under the mechanics' lien law applicable to Onondaga county, (*Laws of* 1864, *p.* 856,) to foreclose such lien, was filed with the clerk of Onondaga county, July 3, 1872. Soon afterwards, Pinkerton learned that the notice had been filed, and then abandoned the contract, and the owner was obliged to complete it, at considerable expense. Pinkerton received payments from time to time, as he was engaged on the building, and prior to the filing of the notice, amounting to $660.91. On the 2d of March, 1872, Pinkerton made his note for $500 to the order of Merriam and Gregory at two months, with interest. It fell due

5th May, and amounted to $506.12. Pinkerton also, on the 23d April, 1872, made another note for $500 at two months, with interest, which fell due on the 26th of June, 1872, and amounted to $516.24.

*H. Burdick*, for the plaintiff.

*C. B. Sedgwick*, for Merriam.

HARDIN, J. It is declared by chapter 366 of the Laws of 1864, that in the county of Onondaga, "any person who shall, in pursuance of any contract, express or implied, either with the owner of the property or any contractor, perform any labor, or furnish any materials, in building, altering or repairing any house or other building, &c., * * shall, until the end of three months after the performance of such labor, be deemed to have *an equitable* lien for the same upon such house or building or appurtenances, and the land upon which the same may be situated." (§ 1.) And it is further provided by the amendment of 1866, that when such labor or material is performed or furnished to a contractor or sub-contractor, *all* payments made by the owner to either in good faith, to apply on his contract, *shall* operate to extinguish the lien aforesaid, unless written notice of the lien is served on the owner of the premises before such payment, stating that the same is *then* or immediately thereafter will be claimed." (*Laws of* 1866, *ch.* 788, § 1.)

The notice sufficiently states that at the date of it there was claimed a lien to the amount of "$800 for large quantities of lumber furnished to, and used by the said James Pinkerton," within thirty days next preceding the 3d of July, 1872.

The only important question presented by the proofs in this case relates to the amount of payments which

had been made by the owner prior to the 3d of July, 1872.

The plaintiff makes no question in respect to the payments to the extent of $660.91, but questions the payment claimed to have been made prior to 3d of July, of any further sum.

Pinkerton, as a witness, if credited to the fullest extent, would carry out the plaintiff's theory that on the 3d of July there remained unpaid all but the sum of $660.91.

The testimony of Merriam, corroborated to some extent by Gregory and Cummings, is to the effect that the notes were indorsed and taken up as payments upon the contract in question.

It was held, in *Cox* v. *Broderick*, (4 *E. D. Smith*, 721,) that it must be shown by the party seeking to establish a lien, "that money was due from the owner at the time the lien was filed, or had subsequently become due." (*See* 1 *E. D. Smith*, 647.)

But that case arose under a statute in language unlike the one which applies in Onondaga county. It is declared by the act quoted from, (*supra*,) that the party "*shall have a lien*," and the lien may be defeated by showing that payments were made *before* notice, or, in the words of the statute, "unless written notice of the lien is served on the owner of the premises before such payment."

The proof of payments before notice, defeats or avoids the lien created by the first part of the section. To defeat the effect of the statute, the owner is allowed to show that payments have been made "without notice," of all that he became liable to pay. The *onus*, therefore, of showing payments which will extinguish the lien, is upon the owner.

As before seen, the contract price was $2,450; the actual payments, as to which there is no dispute, were $660.91; and the question left to be disposed of upon

the conflicting evidence relates to the two notes of $500 each.

It has been held that a party may set off claims arising out of other matters, when proceedings are instituted to enforce a mechanics' lien. (*Owens* v. *Ackerson*, 1 *E. D. Smith*, 691.)

It was held in *Allen* v. *Carman*, (1 *E. D. Smith*, 692,) that where, in pursuance of a mutual understanding, a debt due the owner from the contractor was to be turned upon the work, such understanding and debt were equivalent to an actual payment.

The same doctrine was asserted by COWEN, J., in *Miner* v. *Hoyt*, (4 *Hill*, 193.)

Applying these cases to the proofs here, the conclusion is reached that when the notice was filed by the claimant, there was nothing due from the defendant Merriam to the contractor Pinkerton.

It was not absolutely necessary that the notes should have been charged up in the account; it is enough to know that Pinkerton had received the money upon the notes, or credit for them; that Merriam had become indisputably liable to pay them, in virtue of his agreement and indorsement thereof. It was an agreement made by him to pay his debt in a particular mode, and was binding upon him. (*Lawrence* v. *Fox*, 20 *N. Y.*, 268. 43 *Barb.*, 522. 4 *N. Y.*, 233.)

From the time such agreement was made to pay the two notes, as well as from the time of their actual payment by Merriam, he was entitled to have them treated as payments upon the building contract existing between him and Pinkerton.

It follows, therefore, that by payments made before the 3d of July, 1872, Merriam had so far liquidated and satisfied his indebtedness to Pinkerton, or discharged the lien upon his premises, as to preclude Smith from enforcing out of the premises payment of the demand stated in the notice filed.

There must, therefore, be a judgment in favor of Merriam, with costs, and the plaintiff may have judgment against Pinkerton for the amount of the account, and interest from 3d of July, 1872, with costs.

Judgment accordingly.

[ONONDAGA SPECIAL TERM, April, 1873. *Hardin,* Justice.]